IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. CR414-348 |
| | ) | |
| ALEJANDRO TORRES, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**O R D E R**

Before the Court is the Magistrate Judge's Report and Recommendation (Doc. 44), to which objections have been filed (Doc. 47). In his report and recommendation, the Magistrate Judge recommends that Defendant's Motion to Suppress (Doc. 31) be denied because "[t]he search of defendant's residence and computer was conducted pursuant to [a] lawful warrant issued by this Court, and he has offered no basis for the suppression of the evidence seized pursuant to that warrant." (Doc. 44 at 10.) In his objections, Defendant argues that suppression is appropriate because the warrant was issued pursuant to information obtained as a result of an invalid subpoena. (Doc. 47 at 1-2.) After careful consideration and a de novo review of the record in this case, the Court finds Defendant's objections without merit.

It is undisputed that the Government used Defendant's publicly-available Internet Protocol ("IP") address to obtain subscriber information from Comcast, including the physical address associated with that IP address. While it is not entirely clear, Defendant appears to argue in his objections that he held some sort of constitutionally-protected privacy interest in either his IP address or the information provided by Comcast to the law enforcement officers. (Id. at 5-15.) However, the Supreme Court has repeatedly held that individuals have no reasonable expectation of privacy in information exposed to the public or shared with third parties. See, e.g., United States v. Miller, 425 U.S. 435, 442 (1976); Couch v. United States, 409 U.S. 322, 335-36 (1973); Katz v. United States, 389 U.S. 347, 351 (1967); Hoffa v. United States, 385 U.S. 293, 302 (1966). In addition, "[e]very federal court to address this issue has held that subscriber information provided to an internet provider is not protected by the Fourth Amendment's privacy expectation." United States v. Perrine, 518 F.3d 1196, 1204-05 (10th Cir. 2008). Finally, the Court also notes that the physical address and personal information associated with the IP address in question was that of Defendant's roommate—the actual subscriber to which the Comcast account is registered.[1] As a result, it is

---

[1] Defendant argues that, despite having no contractual relationship, he was a de facto Comcast customer because he

2

clear that Defendant had no constitutionally-protected privacy interest in either the IP address or the subscriber information held by Comcast.

Defendant also points out that state investigators had a clerk sign off on the subpoena issued to Comcast, which is insufficient for the issuance of a subpoena for internet subscriber information under either O.C.G.A. § 35-3-4.1 or § 16-9-109. (Doc. 47 at 18.) According to Defendant, it follows that if the subpoena was improperly obtained, then the search warrant was invalid and the evidence obtained in the search of Defendant's home and computer should be suppressed pursuant to the Court's exclusionary rule. (Id. at 14.) Furthermore, Defendant argues extensively in his objections that the conduct of the officers do not fall within the exclusionary rule's "good faith" exception. (Id. at 21-25.)

The exclusionary rule is "a deterrent sanction that bars the prosecution from introducing evidence obtained by way of a Fourth Amendment violation." Davis v. United States, — U.S. —, 131 S.Ct. 2419, 2422 (2011). As discussed above, there is no Fourth Amendment issue in this case. Defendant does not provide,

---

split the cost of internet service with his roommate. (Doc. 47 at 13.) Defendant does not provide, and the Court cannot find, any legal authority to suggest that this bill-sharing arrangement afforded Defendant any interest in the information held by Comcast. Nevertheless, because the Court finds Defendant would not have a protected privacy interest even if he had been a named subscriber to the account, the issue is moot.

3

and the Court cannot find, any support for his contention that the exclusionary rule's protections extend to violations of statutory law. Rather, the Eleventh Circuit has held that "statutory violations by themselves are insufficient to justify the exclusion of any evidence obtained in that manner." <u>United States v. Thompson</u>, 936 F.2d 1249, 1251 (11th Cir. 1991). As a result, the Court can discern no reason to exclude the evidence in this case. Accordingly, the Magistrate Judge's Report and Recommendation (Doc. 44) is **ADOPTED** as the Court's opinion and Defendant's Motion to Suppress (Doc. 31) is hereby **DENIED**.[2]

SO ORDERED this 7th day of April 2015.

_____
WILLIAM T. MOORE, JR.
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

---

[2] Because the Court finds the exclusionary rule inapplicable to this case, the Court need not consider whether the actions of the state or federal agents fall under the good-faith exception.